```
                    UNITED STATES BANKRUPTCY COURT
                     FOR THE DISTRICT OF NEW MEXICO
```

In re:
LOBO LAND, LLC,
     Debtor.                                    No. 11-05-10262 SS

OMER MAY,
     Plaintiff,
v.                                              Adv. No. 07-1125 S

LOBO LAND, LLC and
CAROL CAGAN aka Cappy Cagan,
     Defendants.

## MEMORANDUM OPINION ON JURISDICTION

This matter came before the Court for an initial pretrial conference. Plaintiff appeared through his attorney Sutin, Thayer & Browne (Jay D. Hertz). Defendants appeared through their attorney Scheuer, Yost & Patterson, P.C. (Donald A. Walcott). The Court sua sponte questioned its jurisdiction to hear this adversary proceeding, given that the Chapter 11 case has been confirmed and Carol Cagan is not a debtor. Plaintiff and Lobo Land, LLC filed briefs (docs 6, 8 and 9). Defendant Cagan did not file a brief. The Court reviewed the materials submitted, and being otherwise informed now issues this Memorandum Opinion which constitutes the Court's findings of fact and conclusions of law. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) and (O)[1].

---

[1] This case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, so references to the Bankruptcy Code and Rules are as they existed in January, 2005.

The Court takes judicial notice of the file, and finds that the Chapter 11 case was filed on January 14, 2005. The petition was signed by Carol Platt Cagan as Managing Member[2] of the Debtor. The case was confirmed on March 8, 2006 (Main case, doc 85). The Plan (Main case, doc 73) provides, in part:

> ARTICLE 6
> TREATMENT OF CLAIMS AND INTERESTS
> ...
> 6.3.1.3 Debtor shall pay to May one or more lump sum payments totaling $40,000 from the proceeds of the sales of the residential lots as such funds become unrestricted by order of the Court if such funds are not available prior to the Effective Date.
>
> ...
>
> ARTICLE 8
> RETENTION OF JURISDICTION
> 8.1 The Court shall retain jurisdiction after the Effective Date of this Plan for all purposes provided for by the Code, by this Plan, and by applicable law, including, but not limited to, resolution of claims objections as provided for in the Plan, interpretation or construction of the Plan, hearing and ruling on adversary proceedings provided for in paragraph 7.6 above, and valuation as may be necessary for implementation of the Plan.

On July 9, 2007, an Order to Release Moneys in Escrow was filed in the main bankruptcy case. (Main case, doc 116). On September 20, 2007 Plaintiff filed a motion for relief from stay (Main case, doc 124), which was granted on November 2, 2007 (Main case, doc 136).

THE COMPLAINT

---

[2] Carol Cagan is an insider of the Debtor. See 11 U.S.C. §§ 101(31)(B)(iii) and (C)(v).

The Complaint alleges that as a result of the July 19, 2007, order a title company released $32,369.96 from escrow that represented the proceeds of residential lots. Notwithstanding the order, which directed payment to the Debtor and notwithstanding the plan requirement that the funds be paid to Plaintiff, the entire amount was deposited into Carol Cagan's bank account. All the funds are now gone and Debtor has no other funds to pay Plaintiff. The First Claim alleges conversion by Carol Cagan or aiding and abetting conversion by Debtor. The Second Claim alleges breach of fiduciary duty. The Third Claim seeks punitive damages because the July 9, 2007 order was obtained without notice to Plaintiff and constituted a willful and deliberate fraud upon the Court and Plaintiff. The Fourth Claim sought prejudgment attachment but has since been abandoned.

THE PARTIES' ARGUMENTS

Plaintiff argues that this action "arises in" Debtor's bankruptcy case because it is based upon ¶ 6.3.1.3 of the Plan and also because it involves a fraud on the Court that implicates administration of the case. He also argues that it is a core proceeding concerning administration of the case or impacting adjustment of the debtor-creditor relationship.

Debtor argues that this Court lacks jurisdiction over this proceeding. First, it argues that because Plaintiff was granted stay relief he should pursue these matters in the state court

foreclosure action. Next, it argues that this case does not "arise in" the bankruptcy because it has no effect on implementation of the plan and because the claims against Carol Cagan will have no impact on Debtor's performance of the plan. The rest of Debtor's brief suggests that Carol Cagan should be pursued in state court and argues the merits of the case rather than the jurisdictional issues.

CONCLUSIONS

First, the Court finds that Plaintiff has the requisite standing to file this adversary. He has suffered a direct injury to his right to be paid from certain proceeds of sale and the Court can redress that injury. Yellow Cab Co-op. Ass'n. v. Metro Taxi, Inc. (In re Yellow Cab Co-op. Ass'n.), 132 F.3d 591, 594 (10th Cir. 1997).

In general, a bankruptcy court retains post-confirmation jurisdiction in a chapter 11 proceeding only to the extent provided in the plan of reorganization. Hospital and University Property Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 7 F.3d 32, 34 (2nd Cir. 1993). The court's post-confirmation jurisdiction is therefore defined by reference to the Plan. Id. In this case, Plan ¶ 8.1 preserved jurisdiction for "all purposes provided for by the Code, by this Plan, and by applicable law" which is quite broad. Bankruptcy Code section 1142 further preserves jurisdiction in post-

Page -4-

confirmation cases to allow the court to oversee the reorganization efforts. The Court also has the jurisdiction to enforce its own orders. Local Loan Co. v. Hunt, 292 U.S. 234, 239 (1934)("That a federal court of equity has jurisdiction of a bill ancillary to an original case or proceeding in the same court, whether at law or in equity, to secure or preserve the fruits and advantages of a judgment or decree rendered therein, is well settled.")(Citations omitted.) Therefore, the Court finds no impediment to subject matter jurisdiction as long as the case otherwise fits within the boundaries of bankruptcy jurisdiction.

The Court finds that this adversary proceeding "arises in" the chapter 11 case because it involves implementation of the confirmed plan[3]. U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.), 301 F.3d 296, 305-06 (5th Cir. 2002). Therefore, the Court has core jurisdiction.

Furthermore, the Court has jurisdiction over corporate insiders, directors or officers that receive preferential or unauthorized transfers from corporations, see, e.g., Smith v. Cox, 113 N.M. 682, 685, 831 P.2d 981, 984 (1992); see also 11 U.S.C. § 549, or breach their fiduciary duty to the corporation or commit torts in the name of the corporation, see, e.g.,

---

[3] The Court takes judicial notice that on December 17, 2007, the Court converted the bankruptcy case to Chapter 7. This does not change the Court's decision in this case on jurisdiction.

Case 07-01125-s    Doc 11    Filed 12/21/07    Entered 12/21/07 09:49:25 Page 5 of 6

National City Bank of Minneapolis v. Lapides (In re Transcolor Corp.), 296 B.R. 343, 371 (Bankr. D. Md. 2003)("A corporate officer, director or employee, while ordinarily not responsible for the contractual debts of a corporation, may nevertheless be held personally liable for his or her own fraudulent conduct committed on behalf of the corporation which causes injury to another.")(Citations omitted.)

**CONCLUSION**

The Court finds that it has subject matter and core jurisdiction over this adversary proceeding and personal jurisdiction over the parties thereto. The Court will reschedule the initial pretrial conference.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

date entered on docket: December 21, 2007

copies to:

Jay D Hertz
PO Box 1945
Albuquerque, NM 87103-1945

Donald A Walcott
PO Drawer 9570
Santa Fe, NM 87504-9570